RICHARDS & BROTHER *et al. vs.* MYERS & MARCUS *et al.*

A judgment rendered before a mortgage is recorded has a superior lien upon the property, though at the time of the rendition of the judgment the mortgage has been foreclosed and the mortgage *fi. fa.* levied. The lien of a mortgage is in the contract, and not in the judgment of foreclosure.

Mortgage. Judgments. Before Judge SNEAD. Mc-Duffie Superior Court. March Term, 1879.

This was a money rule against the sheriff for the distribution of a fund in his hands. The facts were as follows:

Myers & Marcus and others held judgments against Overton. Richards & Bro. and Pitts held unrecorded mortgages upon the goods which produced the fund, of older date than the judgments. The mortgages, however, were foreclosed, and the execution on one of them levied before the judgments were obtained. The court ordered the money paid to the judgments, and the mortgagees excepted.

THOMAS E. WATSON, by brief, for plaintiffs in error, cited Code, §§1955, 1957, 5145 ; 24 *Ga.*, 305 ; 29 *Ib.*, 307 ; 25 *Ib.*, 687 ; 13 *Ib.*, 443 ; 4 *Ib.*, 161 ; 61 *Ib.*, 296 ; 46 *Ib.*, 296 ; act of 1827, Cobb's Dig., 172, §33.

W. D. TUTT, by brief, for defendants, cited, besides the Code, 59 *Ga.*, 467·; 46 *Ib.*, 257; 40 *Ib.*, 540; 52 *Ib.*, 598.

BLECKLEY, Justice.

By the Code, §1955, the time limited for recording a mortgage so as to afford complete protection to the lien from and after its creation, is three months from the date of the instrument. Other sections declare the consequences of failure to record thus early; section 1960 says " the due record of a mortgage, though not made in the time prescribed, is notice from the time of record to all the world;" and section 1957 postpones a mortgage of this class to " all other liens created or obtained" prior to the actual record, unless the younger lien is created by contract, and is taken with notice of the mortgage. In the present case the younger lien competing for the money with the mortgages is a judgment lien; and a judgment lien is not created by contract, but arises by operation of law. 59 *Ga.*, 466. That the mortgages were foreclosed and the *fi. fa.* as to one of them levied prior to the rendition of the judgment, makes no difference in the relations of the liens to one another. The lien of a mortgage is in the contract, not in the judgment of foreclosure, and the *fi. fa.* and levy do not aid the lien, but are the means of enforcing it. 7 *Ga.*, 498, 499, 500, (text of the opinion). It is not suggested that foreclosure took place within three months after the dates of the mortgages; and did that fact appear, we do not know that it would have been any substitute for actual recording. There is no indication in the statute that such would be its effect.

Judgment affirmed.