## JONES *v.* HIGHTOWER.

1. A transfer of an execution, to be valid, must be in writing.
2. On the trial of a claim filed to the levy of an execution issued upon a mortgage foreclosure, where the plaintiff in execution fails to introduce any evidence of title or possession in the mortgagor at the time of the execution of the mortgage, a prima facie case against the claimant is not made out, and a verdict finding the property subject should be set aside as contrary to law.

Submitted June 5, — Decided June 25, 1903.

Certiorari.    Before Judge Butt.    Talbot superior court.    September term, 1902.

*A. J. Perryman* and *J. J. Bull,* for plaintiff in error.

*J. M. Mathews,* contra.

CANDLER, J.    To the levy of an execution in favor of J. W. F. Hightower against S. Cottingham, issued from a justice's court in Talbot county upon the foreclosure of a chattel mortgage, Bob Jones interposed a claim.    The case was by consent appealed to a jury in the justice's court, who found the property subject.    The claimant took the case to the superior court by certiorari, which was overruled, and he excepted.

1.    In the justice's court R. E. Hightower, a son of the plaintiff in execution, asked to be made a party plaintiff in the claim case, "on the ground that J. W. F. Hightower [who had died after the filing of the claim and before the case was tried], father of R. E. Hightower, before his death, and not being indebted to any one, divided his estate between his children in order to save an administration upon his estate, and the mortgage fi. fa. in this case

was given to R. E. Hightower." The claimant objected, on the ground that there was no evidence of a written transfer of the fi. fa., and that only an administrator or executor could be made a party plaintiff. A paper was then introduced in evidence over the objection of the claimant, a copy of which is as follows: " Georgia, Upson County. Whereas our father in his lifetime, a short while before his death, to avoid an administration of his estate, settled all his indebtedness and deeded all his property, including choses in action, among his children, and with other property he gave our brother, R. E. Hightower, the note, mortgage, and the judgment thereon in favor of J. W. F. Hightower *vs.* Sam Cottingham, and to fully carry out the wishes of our father, we do hereby transfer all the claim, right, or interest in said paper, to use in every respect as his own property. This January the———, 1902." This paper was signed by W. C. Hightower and Mrs. Eva L. Chatfield, respectively the brother and sister of R. E. Hightower, and was attested by a notary public of Upson county. Interrogatories of R. E. Hightower were also introduced in evidence, to the effect that J. W. F. Hightower had transferred the fi. fa. to the witness, and that he had title to it. This evidence was also objected to by the claimant, on the ground that the witness was an interested party; and further, that, in order to constitute a valid transfer, the assignment should have been made in writing. The magistrate then passed an order allowing R. E. Hightower to be made a party plaintiff in the claim case. We do not hesitate to say that this was error, and that the evidence objected to by the claimant was inadmissible. It is well settled that an execution can not be transferred in this State except in writing. Civil Code, § 3682, provides that the method of transferring judgments and executions shall be by written indorsement, and in *Anderson* v. *Baker,* 60 *Ga.* 599, it was held squarely, that, " to pass the legal title by the plaintiff in execution, there must be an indorsement or assignment thereof in writing." The writing which has been set out was also inadmissible for the further reason that it purported to be a conveyance to R. E. Hightower by parties in whom not a shadow of title was shown to the property conveyed. The recital in the instrument that J. W. F. Hightower had, previously to his death, divided all his property among his children could have no probative value, for the parties making the statement were not even under oath.

2. It appears that no evidence whatever was introduced to show possession of the mortgaged property in the defendant in fi. fa. at any time, and for this reason it was urged in the petition for certiorari that the verdict of the jury in the justice's court was contrary to law. We think that this point is also well taken. In the case of *Morris* v. *Winkles,* 88 *Ga.* 717, this court held: "To make a prima facie case against the claimant in favor of the plaintiff in mortgage fi. fa., it is not sufficient to prove possession of the mortgaged property by the mortgagor at the time of the levy, but either possession or title in the mortgagor at the date of the mortgage must be shown." Clearly, then, if, as in the present case, no evidence is introduced by the plaintiff of either title or possession at any time, a prima facie case is not made, and a verdict finding the property subject will be contrary to law. It follows from what has been said that the judge of the superior court erred in overruling the certiorari.

*Judgment reversed. All the Justices concur.*