2586.   SUMMERLIN *v.* SPENCE & MEYER, for use, etc.

HILL, C. J.   1. In a contest between the holder of a fi. fa., issued on foreclosure of a chattel mortgage, and a claimant of the personalty covered by the mortgage, where the undisputed evidence shows that the mortgagor, at the date of the execution of the mortgage, was in the actual possession of the mortgaged property, a prima facie case is made that the property is subject; and where this prima facie case is not satisfactorily rebutted, but the evidence is in conflict as to whether the mortgagor was in possession of the personalty as owner or as hirer, a verdict finding the property subject, in the absence of some prejudicial error of law, will not be disturbed. *Morris* v. *Winkles*, 88 *Ga.* 717 (15 S. E. 747); *Jones* v. *Hightower*, 117 *Ga.* 749 (45 S. E. 60).

2. The tax returns of the mortgagor for the year when he executed the mortgage, tending to show title to the mortgaged property, are admissible in evidence in favor of the plaintiff in the mortgage fi. fa. and as against the claimant. *McLendon* v. *Dunlap Hardware Co.*, 3 *Ga. App.* 206 (59 S. E. 718).

3. The evidence in this case seems to preponderate largely in favor of the claimant, but there was some evidence of probative value in aid of the presumption raised by the proof that the mortgagor was in possession of the mortgaged property when he executed the mortgage; and, as the weight of the evidence was exclusively for the jury, the verdict approved by the trial court will not be disturbed, it not appearing that there was any material error of law that could have misled the jury and contributed to an incorrect finding.

*Judgment affirmed.*

DECIDED NOVEMBER 29, 1910.

Levy and claim; from city court of Newnan—Judge Freeman. February 16, 1910.

*R. O. Jones,* for plaintiff in error.   *A. H. Freeman,* contra.