*W. G. Martin, J. R. Long,* for defendant.

---

### 3106.  REISMAN *v.* WESTER.

A contract for the sale of personalty, reserving title in the seller until the purchase-money has been paid, to be valid and binding as to third persons, must be recorded as required by the Civil Code (1910), §§ 3318, 3319. Otherwise, the sale is absolute as to third persons; and where the purchaser subsequently gives the property to another, the property generally becomes subject to the debts of the latter, reduced to judgment, especially where the creditor of the donee in possession had no actual notice of the existence of the conditional contract of sale, and that the property covered by that contract had not been paid for, and extended credit on the faith thereof.

DECIDED NOVEMBER 20, 1911.

Levy and claim; from Fulton superior court—Judge Bell.  November 5, 1910.

*Hewlett & Dennis,* for plaintiff.

*Shepard Bryan, W. R. Tichenor,* contra.

HILL, C. J. Wester sold a piano to Taylor, under a conditional contract in writing, reserving title until the piano was fully paid for. This contract was not recorded. He was to pay for the piano by instalments. Before paying for it he gave it as a Christmas present to his wife. After the piano had been given to her, Reisman obtained a judgment against her, and the execution issued upon this judgment was levied on the piano as her property. Wester interposed a claim. The jury in the justice's court found the piano subject to the execution, and Wester, by certiorari, asked the superior court to review this finding. The superior court sustained the certiorari and entered up final judgment in favor of Wester, holding that the property was not subject to the execution; and Reisman brings error to this court.

On the trial of the claim case there was no controversy as to the facts, which are substantially set out above. Reisman testified that he had extended credit to Mrs. Taylor on the faith of her statement that the piano was her personal property. The claimant objected to this testimony, so far as it related to the statement of Mrs. Taylor that the piano belonged to her, on the ground that it was mere hearsay, and irrelevant and inadmissible; that Mrs. Taylor was not a party to the contract between Wester and her husband, and her statement was not binding upon Wester, as he was not present when it was made. The court overruled this objection, and this is assigned as error. We think the statement of Mrs. Taylor to Reisman was admissible, as showing the good faith of Reisman in extending credit to her. Under the view that we take of the merits of the case, however, it makes very little difference why Reisman extended credit to Mrs. Taylor. His judgment was good against her and was binding on her property, and the undisputed evidence is that her husband had given her this piano.

It is insisted, however, that Mrs. Taylor knew that her husband had not paid for the piano, that he bought it from Wester on instalments, and that he had no right to make a voluntary gift of it to her as against Wester's claim for the balance of the purchase-money. And this is probably the view that the superior court took of the question. The code requires that every conditional contract of sale, to be valid as against third persons, shall be in writing and recorded within 30 days from its date. Civil Code (1910), §§ 3318, 3319. The contract in this case was not recorded. It was therefore binding upon nobody except the parties thereto.

Relatively to third persons, the sale of the piano by Wester to Taylor was an absolute sale. *Steen* v. *Harris,* 81 *Ga.* 681 (8 S. E. 206). Cf. *Rhode Island Locomotive Works* v. *Empire Lumber Co.,* 91 *Ga.* 642 (17 S. E. 1012). Now, suppose that Reisman had obtained judgment against Taylor himself, and had had the execution levied on the piano, and Reisman, when extending credit to Taylor had no knowledge of the conditional contract in writing made by Wester to Taylor; can it be doubted that Reisman's execution would be prior in dignity to Wester's claim? The creditor (with judgment lien) of the donee of the purchaser under the conditional sale is likewise a third person within the meaning of the code sections cited.

Another reason why we think the property was subject to the execution in favor of Reisman: Wester failed to record his conditional contract. He put the piano into the possession of Taylor; and, according to the evidence, Taylor told him at the time of the sale that he wanted to buy the piano as a Christmas present for his wife. He thus put it into the power of Mrs. Taylor to perpetrate a fraud on Reisman, for she stated to him that the piano belonged to her, and it was on the faith of this statement that he extended the credit to her. Wester put it into the power of Taylor, the husband, through his wife, to commit a fraud upon an innocent person; and if Reisman, the innocent person, or Wester, who had put it in the power of Taylor and his wife to perpetrate the fraud, must suffer, clearly the one who made the fraud possible should suffer, and not the one who was innocent.

For these reasons, we think that the superior court erred in sustaining the certiorari and entering final judgment in favor of Wester. The certiorari should have been overruled.

*Judgment reversed.*