12783.   THOMASON *v.* DECATUR COUNTY BANK.

JENKINS, P. J.   1.   " The question of the sufficiency of description of property in a mortgage is one of law, for the court; that of the identity of the property mortgaged is one of fact, to be decided by the jury." *First Nat. Bank* v. *Spicer,* 10 *Ga. App.* 503 (73 S. E. 753); *Reynolds* v. *Jones,* 7 *Ga. App.* 123, 125 (66 S. E. 395).

(*a*) A chattel mortgage, describing the property covered as " 64 head of stock and fattening hogs, immune from cholera, marked split in right ear, some with registered tags and some without," is not void for want of a sufficient description. *Beaty* v. *Sears,* 132 *Ga.* 516 (1) (64 S. E. 321); *Reynolds* v. *Tifton Guano Co.,* 20 *Ga. App.* 49, 50 (92 S. E. 389); *First Nat. Bank* v. *Spicer,* supra (1 *a*).

2. The sheriff's entry of levy, reciting " I have this day levied the within mortgage foreclosure on the within described property," which was entered upon the mortgage execution, and which thus in effect described the property as that covered in the mortgage, coupled with his evidence of actual seizure or possession, was sufficient to show a valid levy.

3. In the trial of the instant claim the plaintiffs in fi. fa. specifically

assumed the burden of proof. The burden was carried so far as it showed, without dispute, that the mortgagor had title to the mortgaged property at the time the mortgage was executed. *Morris* v. *Winkles*, 88 *Ga.* 717 (1), 719 (15 S. E. 747); *Jones* v. *Hightower*, 117 *Ga.* 749 (2), 751 (45 S. E. 60). As to the main issue, relative to whether or not the property levied on was that included and described in the mortgage, the plaintiff offered in evidence its mortgage, the execution, and the entry of levy thereon, which showed prima facie that the property levied upon was the same as that described in the mortgage. The plaintiff, however, by its own testimony, went further and showed the actual incorrectness of the return. The levying officer testified for the plaintiff that " the levy specifies that the hogs were all marked with a split in the right ear, but some of the hogs levied on were not marked." The defendant in fi. fa., also testifying for the plaintiff, swore that while some of the original hogs included in the mortgage had died, " I wanted Mr. Jones [plaintiff in fi. fa.'s vice-president and cashier] to have his money, and I picked out the best hogs I had, except three which belonged to my children, and I told Mr. Jones that I would include these hogs, hog for hog, of like kind and of the same breed." The evidence for the claimant was to the same effect, but failed to show definitely which of the hogs were marked and which were not. The verdict finding all of the property subject to the fi. fa. was therefore without evidence to support it.

4. The remaining grounds of the motion, so far as not covered by the preceding rulings, relate to matters not likely to recur in a subsequent trial, and need not be determined.

*Judgment reversed. Stephens and Hill, JJ., concur.*

Decided April 1, 1922.

Levy and claim; from city court of Bainbridge — Judge Spooner. July 25, 1921.

*Hartsfield & Conger*, for plaintiff in error. *H. G. Bell*, contra.