24370. FOREMOST DAIRIES INCORPORATED *v.* KELLEY.

DECIDED AUGUST 5, 1935. REHEARING DENIED SEPTEMBER 6, 1935.

*Franklin, Langdale & Eberhardt,* for plaintiff in error.
*H. B. Edwards, Jordan Johnson,* contra.

SUTTON, J. Kelley applied for a fraudulent-debtor attachment under the Civil Code of 1910, § 5088 (Code of 1933, § 8-401), against Foremost Dairy Products Inc., a Florida corporation,

claiming that the defendant was indebted to him in the sum of $2999; and upon order of the court an attachment issued and was levied upon certain personalty alleged to belong to the defendant. The return of the levying officer recited that the property attached was levied on as the property of the defendant, but in the possession of the Foremost Dairies Inc. Foremost Dairies Inc. filed its claim to the property attached, and upon the trial of the claim case the jury returned a verdict in plaintiff's favor. The claimant moved for a new trial, the motion was overruled, and the exception is to that judgment.

1. Upon the trial of all claim cases the sole issue is as to the title to the property levied on. *Jenkins* v. *Best Trading Co.*, 39 *Ga. App.* 214 (146 S. E. 512); *Newsome Lumber Co.* v. *Ramsey Motor Co.*, 36 *Ga. App.* 194 (136 S. E. 166). Claims in attachment cases are tried in the same manner and are subject to the same rules and regulations as are prescribed by law for the trial of other claims in the court to which they are returned. Code of 1910, § 5116 (Code of 1933, § 8-802). Where a levy is made upon personal property under an attachment before judgment, and a claim is interposed thereto, the issue, under this section, is whether the property levied on is that of the defendant in attachment or that of the claimant. *Cecil* v. *Gazan*, 71 *Ga.* 631. The property claimed in this case being levied on while in possession of the claimant, the burden was upon the plaintiff in attachment to make out a cause showing the property subject. Code of 1910, § 5170; Code of 1933, § 39-904; *Spraggins* v. *Brooks*, 154 *Ga.* 822 (115 S. E. 495); *Newsome Lumber Co.* v. *Ramsey Motor Co.*, supra.

2. The claimant asserted title to the property seized, under a bill of sale from the defendant, based on a valuable consideration. The plaintiff sought to avoid this bill of sale as made to hinder, delay, and defraud the creditors of the defendant in attachment. See Code of 1910, §§ 3224 (2), 4109; Code of 1933, §§ 28-201 (2), 96-204. A person having a tort claim against the vendor may, in a proper case, attack such a conveyance as being fraudulent. *Westmoreland* v. *Powell*, 59 *Ga.* 256.

(a) From a careful consideration of the evidence it does not appear that the bill of sale was made to hinder, delay, or defraud creditors. Where the evidence upon the trial of the claim case

shows that more than eight months after the accident resulting in the death of plaintiff's son, for which plaintiff claims the defendant is liable, the defendant sold and conveyed all of its personal property, including the property levied on, to the claimant corporation, for a valuable and adequate consideration, which bill of sale is attacked by the plaintiff as being made to hinder, delay, or defraud creditors of the defendant, and the only evidence to sustain this contention being that some of the officers of the defendant were officers of the claimant, the similarity of corporate names, and the fact that after the execution and delivery of the bill of sale, which conveyed the business and good will of the defendant to the claimant, the ice cream and dairy business theretofore done by the defendant was still done upon printed sale slips bearing the name of the defendant, and contracts for the use of ice cream and dairy equipment by dealers were made upon printed contract forms bearing the name of the defendant corporation, which was explained by undisputed evidence to the effect that when the claimant purchased the property and business of the defendant there were on hand a large amount of such printed slips and contracts, and for economical reasons they were used instead of having new ones printed, the servants of the claimant being furnished with a rubber stamp and instructed to cancel out the defendant's corporate name and insert the corporate name of the claimant in lieu thereof, but they sometimes failed so to do, and the evidence being undisputed that such sales, contracts, and transactions were in fact made by the claimant and that it got the benefit thereof, the plaintiff failed to make out a prima facie case showing title in the defendant in attachment at the time of the levy, or showing that the bill of sale was fraudulent and did not convey title to the claimant, or showing that the defendant in attachment had possession of the property attached after the date of the execution and delivery of the bill of sale.

(b) The uncontroverted evidence shows that the sale was in good faith, and that the purchaser had no notice or knowledge of any claim of the plaintiff. There is nothing in the record to show that at the time of the execution and delivery of the bill of sale the claimant had knowledge that the plaintiff had made any claim of the defendant on account of the death of his son caused by the alleged negligence of the defendant. The evidence shows without contradiction that all merchandise creditors of the defendant were

taken care of, the consideration of the bill of sale being that the claimant should pay these creditors in full, which was done; and the evidence also shows without dispute that the defendant did not sell all of its property, but retained real estate in this State, and properties in other places, and received from the claimant, as a part of the consideration of the transaction, a majority of the stock therein, in addition to $93,000 paid to the creditors of the defendant as above stated. It is also undisputed that the defendant had and now has sufficient liability insurance to cover the tort claim of the plaintiff. There is no intimation that the defendant was and is insolvent, but on the contrary the evidence is that it was at all times solvent and is now an active going concern with its home office in Jacksonville, Florida.

(c) The fact that it was a few months after the execution and delivery of the bill of sale in this case before the defendant delivered possession of the property sold to the claimant, the property being under a mortgage and it taking some time to clear the same up ready for delivery to the claimant, does not tend to render the bill of sale void on account of fraud or show any fraudulent intent upon the part of the parties thereto.

(d) The fact that the bill of sale was not recorded until over two years after its execution and delivery, and was then recorded only for the purpose of being introduced in evidence without proof of its execution, there being no law requiring the recordation of such an instrument in this State, does not tend to show any fraud in the transaction or in the execution of the bill of sale.

3. Under the evidence in this case, the bill of sale to the claimant was not void as in violation of the "bulk-sales law" (Code of 1933, §§ 28-203 et seq.), because the plaintiff was a creditor of the defendant in attachment and was not notified of the sale as provided in said law. *International Silver Co.* v. *Hull,* 140 *Ga.* 10 (78 S. E. 609, 45 L. R. A. (N. S.) 492). This law is in derogation of the common law and is to be strictly construed. *Bank* v. *Rutland,* 27 *Ga. App.* 442 (108 S. E. 821).

4. Evidence to the effect that subsequent to the execution of the bill of sale the personal property conveyed thereby was assessed for taxation by the tax-collector in the name of the defendant corporation and not in the name of the claimant was not sufficient to overcome the undisputed evidence to the effect that the claimant

had purchased such property and business from the defendant for a valuable and adequate consideration, which bill of sale passed title, and there being no evidence of any fraud or intent to hinder, defraud or delay the plaintiff or other creditors of the defendant. *Holt* v. *Daniel*, 47 *Ga. App.* 334 (170 S. E. 383).

5. It follows that the verdict and judgment in the plaintiff's favor were unauthorized, and that the judge erred in overruling claimant's motion for new trial.

*Judgment reversed. Jenkins, P. J., concurs. Stephens, J., dissents.*