25724. ALLEN v. DICKEY et al.

SUTTON, J. 1. A chattel mortgage reciting: "One day after date I promise to pay to Glenn Allen, or order, three hundred and fifty dollars, for value received, with interest at six per cent. per annum after date, and ten per cent. attorney's fees on principal and interest in case of collection by suit or through an attorney. And to secure the payment of this note I hereby mortgage and convey unto the said payee his heirs and assigns, the following described property to wit: One

1934 model one and one-half ton Chevrolet truck motor No. T-3968554. This note is given for my interest in said truck, to secure the aforesaid amount due the said Glenn Allen," containing the usual homestead and exemption waiver, attested by two witnesses, one being a justice of the peace, signed under seal by the mortgagor, and recorded on the public records of the county of the residence of the mortgagor within five days after its execution, is not so "indefinite," insufficient, or incomplete in any way that the same may not be foreclosed upon the failure of the mortgagor to make the payment therein provided for. The words, "This note is given for my interest in said truck, to secure the aforesaid amount due the said Glenn Allen," are not so indefinite as to render the mortgage invalid against one claiming title to the mortgaged property, of whose claim the mortgagee had no notice actual or constructive, and the mortgagor being in possession of the mortgaged property at the time of the execution of the mortgage, and there being no claim of fraud. See *Dollner* v. *Williams*, 29 *Ga.* 743. Said words do not necessarily import that some one else besides the mortgagor has an interest in the mortgaged property. At least it would be a question for the jury. Code, §§ 20-704, 38-501.

2. In a claim case, where property in the possession of the claimant is levied on under a mortgage fi. fa., the burden is on the plaintiff in fi. fa. to prove his case. *Foremost Dairies Inc.* v. *Kelley*, 51 *Ga. App.* 722 (181 S. E. 204), and cit. However, where the plaintiff offers evidence tending to show that the property levied on was in the possession of the mortgagor at the time of the execution of the mortgage foreclosed, a prima facie case in favor of the plaintiff in fi. fa. is made, and the claimant is put upon exhibition of his title. *Morris* v. *Winkles*, 88 *Ga.* 717 (15 S. E. 747); *Butt* v. *Maddox*, 7 *Ga.* 495; *Summerlin* v. *Spence*, 8 *Ga. App.* 424 (69 S. E. 585); *Jones* v. *Hightower*, 117 *Ga.* 749 (45 S. E. 60).

3. As to a properly-executed and attested mortgage, the lien is lodged in the mortgage, and not in the levy, execution, or judgment of foreclosure. *Richards* v. *Myers*, 63 *Ga.* 762. Possession of the property by the claimant at the time of the levy of the mortgage fi. fa. in this case would not of itself defeat the lien of the mortgage. The lien of this mortgage was not created by the levy.

4. The claimants were non-residents of this State. The evidence in their behalf was to the effect that the mortgagor had purchased the mortgaged property, a motor truck, from the assignor of the claimants, before the date of the execution of the mortgage in favor of the plaintiff in fi. fa., and had executed in favor of the claimants' assignor a retention-title contract to secure the payment of the purchase-money, which was in default and the purchase-money due. The instrument was not introduced in evidence. It was not recorded in the county of the residence of the mortgagor. "A contract for the sale of personalty, reserving title in the seller until the purchase-money has been paid, to be valid and binding as to third persons, must be recorded as required by the Civil Code (1910), §§ 3318, 3319 [Code of 1933, § 67-1403]. Otherwise the sale is absolute as to third persons." *Reisman* v. *Wester*, 10 *Ga. App.* 96 (72 S. E. 942); *Pickard* v. *Garrett*, 141 *Ga.* 831 (82 S. E.

251). Where a conditional bill of sale or retention-title contract is executed in another State on property afterward brought into this State, and such instrument is not recorded in the county of the buyer's residence within the time allowed by the statute, valid liens subsequently created bona fide against the property by the buyer would be superior to the rights of such seller, there being no question of actual knowledge of the rights of the seller under the conditional-sale contract, and no fraud. *North* v. *Goebel*, 138 *Ga.* 739 (76 S. E. 46); Code, §§ 29-401, 67-108, 67-109, 67-1305.

5. The evidence was not sufficient to demand an inference that the title to the property levied on was in the claimants, but it would have authorized a verdict in favor of the plaintiff in fi. fa. *Wilson* v. *Voche*, 48 *Ga. App.* 173 (2) (172 S. E. 672).

6. The judge erred in dismissing the levy, and in overruling the motion for new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 29, 1936.

*George D. Anderson, William Bult,* for plaintiff.
*T. H. Crawford, John S. Wood,* for defendants.