38181. CONTINENTAL NATIONAL BANK *v.* SHORT.

TOWNSEND, Judge. 1. Under Code § 67-108 providing for the registration of security instruments on personal property, where the property is purchased outside this State and afterwards brought within the limits of the State, it is necessary for the plaintiff to show that the mortgage or retention-title instrument was recorded in this State in the county where the property was located within six months after the property was brought into the State, unless the foreclosure proceeding is commenced within such 6 months period. In the latter event, however, the foreclosure is valid as against a bona fide purchaser of the property without notice of the mortgage, although it is not so recorded, since the commencement of the foreclosure proceedings within such six month period is itself sufficient. *Hubbard* v. *Andrews & Co.,* 76 *Ga.* 177 (2) ; *Ayares Small Loan Co.* v. *Maston,* 78 *Ga. App.* 628 (2) (51 S. E. 2d 699).

2. "In a claim case, where property in the possession of the claimant is levied on under a mortgage fi. fa., the burden is on the plaintiff in fi. fa. to prove his case. *Foremost Dairies Inc.* v. *Kelley,* 51 *Ga. App.* 722 (181 S. E. 204), and cit. However, where the plaintiff offers evidence tending to show that the property levied on was in the possession of the mortgagor at the time of the execution of the mortgage foreclosed, a prima facie case in favor of the plaintiff in fi. fa. is made, and

the claimant is put upon exhibition of his title. *Morris* v. *Winkles*, 88 *Ga.* 717 (15 S. E. 747); *Butt* v. *Maddox*, 7 *Ga.* 495; *Summerlin* v. *Spence*, 8 *Ga. App.* 424 (69 S. E. 585); *Jones* v. *Hightower*, 117 *Ga.* 749 (45 S. E. 60)." *Allen* v. *Dickey*, 54 *Ga. App.* 451 (2) (188 S. E. 273).

The plaintiff in this foreclosure proceeding made out a prima facie case by proving that its assignor sold the automobile in question to Robert F. Saunders in Fort Worth, Texas, and that under the laws of Texas it retained title to the property until paid for by virtue of the mortgage under which the affidavit of foreclosure was sued out, the property being levied on as the property of Saunders.

3. It is further argued that the plaintiff did not prove its case because it failed to prove that the automobile seized under the levy and therein described as "one 1955 Chevrolet Station Wagon, Motor No. B55S00 8340" is the same automobile as that described in the mortgage as a "1955 Chev. Sta. Wag. Motor No. B55S00 8340," because in the Texas Certificate of Title the number "B 55S 008340" is listed as the serial number rather than the motor number, and because no one testified that the automobile seized did in fact have such motor number. Since the claimant, Ben Short, in both the claim affidavit and bond, admitted that the property which was levied on by the sheriff and claimed by him was as described in the mortgage and levy, and since no question was raised in the trial court as to the identity of the automobile, he cannot contest for the first time in this court that the property seized was not the property described and to which he made claim. The plaintiff made out a prima facie case, both as to its title and the description of the property sought to be repossessed, and the claimant introduced no evidence in his own behalf. It was therefore error for the judge hearing the claim case by consent without the intervention of the jury to enter up judgment in favor of the claimant.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED MARCH 18, 1960.

*Herbert B. Kimzey, Kimzey & Kimzey*, for plaintiff in error.
*Ellard & Frankum, Stephen D. Frankum*, contra.