41543. EXCHANGE BANK v. SLOCUMB.

Submitted September 8, 1965—Decided September 29, 1965.

*George Jordan, Rufus A. Moore*, for plaintiff in error.
*Arthur C. Farrar*, contra.

FELTON, Chief Judge. ■ The special grounds of the motion assign error on the court's charges to the effect that the burden of proof was on the plaintiff in fi. fa. "In a claim case, where property in the possession of the claimant is levied on under a mortgage fi. fa., the burden is on the plaintiff in fi. fa. to prove his case. . . . However, where the plaintiff offers evidence tending to show that the property levied on was in the possession of the mortgagor at the time of the execution of the mortgage foreclosed, a prima facie case in favor of the plaintiff in fi. fa. is made, and the claimant is put upon exhibition of his title [cases cited]." *Allen v. Dickey*, 54 Ga. App. 451 (2) (188 SE 273). In the case at bar there was evidence, set forth in Division 2 hereinafter, that the property levied on was in the possession of the mortgagor at the time of the execution of the mortgage. The provisions of *Code* § 39-904 apply to liens created by the rendition of a common law judgment rather than to those created by a security instrument, in which case the lien or title is created as of the time of the execution of the contract. Thus, the burden of proof was initially on the plaintiff in fi. fa. and the charge was correct. It was not error, in the absence of a written request therefor, for the court to fail to charge as to the shifting to the claimant of the burden of going forward with the evidence. See cases annotated under *Code* § 38-104, catchword "Charge." The court therefore did not err in overruling the special grounds of the motion.

■ The following evidence was adduced at the trial: The defendant in error-claimant testified that he had purchased Harper's place of business, the Nu-Way Cleaners & Laundry, together with the property in question, from the Coffee County Bank, Charles Anderson and the plaintiff-in-error bank at a foreclosure sale on June 19, 1961; that on that date he had given the Exchange Bank a note which stated that it covered all obligations between them, which note was admitted in evidence; that all of the items listed in the bill of sale which secured said note, which included practically all of the property in controversy, were in his possession as of the time of his execution of the note; that he had been operating the aforesaid laundry business continuously for about three years prior to the trial of this case on August 24, 1964, and that the claimed property was used in the operation of his business.  The bill of sale to secure the debt between Harper and the Coffee County Bank, dated August 11, 1958, which was admitted in evidence, specified a number of items conveyed as security and also contained thereafter the following provision: "Also, all pipes and connections used with the operation of all machines and equipment and *all other machines and equipment whether described herein or not,* owned by me and located in business establishment known as Nu-Way Cleaners at 908 South Peterson, in the City of Douglas, Coffee County, Georgia." (Emphasis supplied.)  D. J. Harper testified that he had in his possession on September 19, 1960, the items listed in the security deed of that date; that when the business was sold it was wound up by foreclosure and everything he had was sold.  Murray Belger, co-partner in the plaintiff bank, testified that Slocumb had succeeded Harper in operating the business and that the note executed by the defendant in error on June 19, 1961, in favor of the plaintiff bank, was given to pay the difference that was owed on the property in question which had been paid.

The above evidence, introduced without objection, was sufficient to authorize the finding that the claimant had title to the property in controversy at the time of the levy which was superior to that of the plaintiff in fi. fa., hence the verdict for the

■

claimant was authorized. The court did not err in overruling the motion for a new trial on the general and the special grounds.
*Judgment affirmed. Jordan and Deen, JJ., concur.*