## INTERNATIONAL SILVER COMPANY *v.* HULL & COMPANY.

If one desiring to purchase a stock of merchandise in bulk demands and receives from the vendor a written statement under oath, purporting to contain the names and addresses of all the creditors of the vendor, together with the amount of the vendor's indebtedness to each of them, and, within the time required by the statute, due notice of the proposed sale, the price to be paid, and the terms and conditions thereof is given by the purchaser to each of the creditors whose names appear on the list so furnished, and thereafter the purchaser in good faith pays over to the vendor the purchase-price agreed on, without notice or reason to suspect that the vendor has omitted from the sworn list the name of any of his creditors, the sale is not void, either in whole or in part, by reason of the fact that the seller omitted to name one of his creditors and the purchaser failed to give that creditor notice of the sale, though such creditor did not in fact have any notice of the sale, and though the seller is insolvent.

MAY 13, 1913.

The Court of Appeals certified to the Supreme Court the following question for decision (in case 4588): "If one desiring to purchase a stock of merchandise in bulk demands and receives from the vendor a written statement under oath, purporting to contain the names and addresses of all the creditors of the vendor, together with the amount of the vendor's indebtedness to each of them, and, within the time required by the statute, due notice of the proposed sale, the price to be paid, and the terms and conditions thereof is given by the purchaser to each of the creditors whose names appear on the list so furnished, and thereafter the purchaser in good faith pays over to the vendor the purchase-price agreed on, without notice or reason to suspect that the vendor has omitted from the sworn list the name of any of his creditors, is the sale void, either in whole or in part, by reason of the fact that the seller omitted the name of one of his creditors and the purchaser failed to give that creditor notice of the sale, when it appears that such creditor

did not in fact have any notice of the sale, and it also appears that the seller is insolvent?"

*J. J. Northcutt,* for plaintiff. *Joe Abbott,* contra.

LUMPKIN, J.   Prior to 1903 sales of stocks of merchandise in bulk could only be attacked for fraud under the same rules as were applicable to sales generally.   Civil Code, §§ 3224, 4109.   The legislature was of the opinion that this was not sufficient to meet the evil, or possible evil, of a failing merchant's making a secret sale of his stock in bulk, placing the proceeds beyond reach, and leaving his creditors helpless, unless they could show both fraud on his part, and notice to the purchaser.   Even then, a subsequent innocent purchaser might take a good title.   It was deemed proper to give additional safeguards to creditors in connection with sales of stocks in bulk.   The act of 1903 (now codified in the Civil Code, §§ 3226 to 3229) was passed.   Section 3226 makes it the duty of every person who shall bargain for or purchase any stock of goods, for cash or credit, before paying or delivering to the vendor any part of the purchase-price, to demand and receive from the vendor a written statement, under oath, of the names and addresses of all the creditors of the vendor, together with the amount of the indebtedness due or owing to each.   This duty is placed upon the proposed purchaser.   The duty is placed on the seller to furnish such a statement, and also a statement of assets and liabilities and of the cost price of the merchandise,—the cost price to be arrived at by an inventory taken at the time by both.   "Thereupon" it is made the duty of the purchaser to give to each of "said creditors" notice of the proposed sale and the price and terms (accompanied by a copy of the statement of the assets and liabilities "as furnished him by the vendor"), at least five days before the completion of the purchase, or the payment of the purchase-money.   § 3227.   By section 3228 it is declared that if the purchaser fails to comply with the duties required of him, as therein specified, the sale shall be deemed fraudulent as against the creditors of the vendor.

A consideration of these sections will show that certain duties are imposed upon the proposed purchaser and certain duties upon the proposed vendor.   If the purchaser fails to comply with the duties imposed on him, he gets no title as against creditors of the vendor.   If the vendor knowingly and wilfully makes and delivers, or causes to be made and delivered, any statement of which a ma-

terial portion is false, or fails to include the names of all his creditors, he is declared to be guilty of a misdemeanor. Penal Code, § 718. But if the purchaser demands from the vendor a written statement, under oath, of the names and addresses of the creditors of the latter, with the amount due or owing by the seller to each of them, and the seller delivers a statement purporting to contain all of his creditors, and the purchaser, in good faith and without any knowledge or notice of the omission of the name of a creditor therefrom, proceeds to comply with the requirements of the statute, there is no declaration that he shall lose his purchase because of the omission by the seller of the name of a creditor. On the contrary, in referring to the duty of the purchaser to send out the statement of assets and liabilities, after the two have taken an inventory, the expression is used, "as furnished him by the vendor," indicating a legislative purpose, as to such statement at least, that the purchaser was not to be held liable for every possible omission of the vendor, of which the purchaser had no notice. And in declaring when the sale shall be presumed fraudulent, one expression used is, if the purchaser shall pay or give any evidence of indebtedness for the purchase-price, or any part thereof, "without having first demanded and received from said vendor the statement under oath, mentioned in section 3226, and without having first given to each of said creditors the notice," etc. There is nothing here to show that an omission by the vendor of a creditor from the sworn list should be visited on a bona fide purchaser without notice.

It was argued that the statute required the purchaser not only to demand, but also to "receive" from the vendor a list of all of the creditors of the latter; and that he had not received a list of all of them if one were omitted. But this is too exacting and verbal a construction. The statute did not make the purchaser a warrantor of the absolute completeness and accuracy of the sworn statement of the vendor, or punish him for the omission from such sworn statement of the name of a creditor, without any fault on his part, or any notice thereof.

It was further urged that if it should be held that an omission by the vendor from the statement of one creditor did not avoid the sale, he might omit any number of his creditors, and thus they might get no notice, and a fraud might be perpetrated upon them. This is possible. But the penal statute appears to provide some

obstacle to the willful furnishing by the vendor of an incomplete list of creditors. And moreover, the statute now under consideration furnished a cumulative protection to creditors. It did not repeal the pre-existing laws against fraudulent sales. If the vendor and purchaser should collude to omit certain creditors and thus defraud them, or if the vendor should omit the names of one or more creditors, with intent to delay or defraud them by the sale, and the purchaser should have notice thereof, the omitted creditors could still have a remedy under the Civil Code, §§ 3224, 3225.

A careful consideration of the statute touching sales of merchandise in bulk leads us to the conclusion that the question propounded by the Court of Appeals should be answered in the negative.

*All the Justices concur.*