its admission was not error although a portion of it may be prejudicial to defendant, where the court, at the request of defendant, instructed the jury to disregard such prejudicial portion and not to consider it in making their verdict.

6. APPEAL AND ERROR, § 1466*—*when admission of evidence harmless*. In an action to recover for death due to a fall from a high load, the admission of testimony of a witness who did not see the accident, but testified as to the conduct of the deceased prior to it and to what happened immediately after, as tending to show that deceased's fall was caused by being struck by pipes maintained by defendant across the alley where the accident occurred, *held* not prejudicial error.

7. APPEAL AND ERROR, § 1466*—*when admission of evidence as to experiments harmless*. In an action to recover for death due to a fall from a high load, the admission of testimony of a witness who did not see the accident, as to experiments made by him after the accident, as to whether one standing on a load similar to that on which deceased was standing at the time of the accident, and which tended to confirm the theory of the plaintiff that the accident was caused by deceased's being struck by the pipes, *held* not prejudicial error.

---

## Kalmon Schiowitz, Defendant in Error, v. Louis J. Sleph and Simon Sleph, Plaintiffs in Error.

### Gen. No. 20,395.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 5, 1915.

### Statement of the Case.

Action by Kalmon Schiowitz, plaintiff, against Louis J. Sleph and Simon Sleph, defendants, in the Municipal Court of Chicago, to recover for the conversion of copper metal. To reverse a judgment for plaintiff for $875.33, defendants prosecute this writ of error.

Plaintiff's statement of claim alleged in substance,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

that on September 22, 1912, he agreed to sell and deliver to defendant Louis J. Sleph a quantity of copper metal, which he then possessed, for the sum of $823.84; that defendant Louis J. Sleph tendered in payment a check on the Fort Dearborn National Bank, falsely representing that there were sufficient funds to pay the same an presentation by means of which defendant Louis secured possession of the goods in question, which he delivered to defendant Simon Sleph; that the check was not properly drawn; that both defendants, well knowing the goods to be the property of plaintiff, have refused to deliver the same to plaintiff, though often requested, and converted the same to their own use. The affidavit of defense denied the conversion.

The material facts are in substance as follows: Defendant Louis was treasurer of Sowers-Sleph Company, a corporation, and the son of defendant Simon. Sowers-Sleph Company was a tenant of premises owned by Sleph, Sandrowitz & Goldblatt, of which firm defendant Simon was senior partner, and which was engaged in the business of smelting and refining. Sowers-Sleph Company owed the partnership $140 for back rent. Plaintiff had had previous dealings with both defendants. The copper metal in question was bought for so much a pound, and on being weighed in the presence of both parties was found to be worth about $823. As plaintiff insisted on cash in payment, defendant Louis gave a check on the Fort Dearborn National Bank, to the order of plaintiff, for $800, signed by the president of Sowers-Sleph Company. Defendant Louis did not countersign the check, though there was a space on the face of the check for such counter signature by him as treasurer. Defendant Louis also gave his personal check for the balance, $23. He testified that he had sold the metal to defendant Simon before he purchased it from plaintiff. On presentation at the bank the same day payment was refused, both for want of counter signature by the

treasurer of Sowers-Sleph Company and because of insufficient funds. Making no attempt to cash the $23 check, plaintiff went to the place of business of defendant Simon and there "found all the stuff." In answer to a demand for the goods, defendant Simon informed plaintiff that defendant Louis would pay for them. Plaintiff saw defendant Louis, but he failed to pay. When plaintiff, with his attorney, again saw defendant Simon, he refused to give plaintiff either money or goods.

HERMAN WALDMAN, for plaintiffs in error; ERNEST C. RENIFF, of counsel.

VOSE & PAGE, for defendant in error; S. H. GILBERT, of counsel.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 965*—*what matters reviewable.* Where a record shows no objections to rulings on evidence at the trial, or a motion to find the issues for plaintiff in error, or propositions submitted to be held as the law of the case, a writ of error presents nothing to the Appellate Court except the question of the sufficiency of the evidence to sustain the finding.

2. TROVER AND CONVERSION, § 39*—*when evidence sufficient to support verdict.* In an action in trover to recover for goods secured by one of the defendants from plaintiff by a defective check, which goods were delivered to the other defendant, who converted them, evidence *held* to sustain a finding for plaintiff, it appearing from the evidence that there was a preconcerted arrangement between defendants to obtain the goods with a fraudulent purpose to escape making payment therefor.

3. TROVER AND CONVERSION, § 46*—*when judgment not excessive.* In an action to recover for the conversion of goods on October 22, 1912, a judgment entered February 16, 1914, for $875.33 *held* not excessive, where the finding and judgment included interest, and it appeared that the interest on the amount of the judgment, from the date of the conversion to the date of the judgment, at five per cent. per annum, was correctly computed.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.