## Joseph Bisencon, Appellant, v. Wesley Walters, Appellée.

### (Not to be reported in full.)

Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916.

## Statement of the Case.

Action of forcible entry and detainer by Joseph Bisencon, plaintiff, against Wesley Walters, defendant. From a judgment for defendant, plaintiff appeals.

The land in controversy consisted of some 2.46 acres, sometimes described as Lots 15, 27 and 28 in the Village of Cahokia, Illinois. Plaintiff and defendant were both tenants, plaintiff being a tenant of · August A. Busch, who claimed to own a tract of about 190 acres, which tract included the 2.46 acres above mentioned, and defendant being a tenant of the widow

of Joseph LaValle, who claimed some interest in said above-described premises.

Some fifteen or sixteen years prior to the bringing of this suit, defendant went into possession of said premises under the LaValles, who gave him the right to occupy the same on his agreement to clear the land.

Defendant farmed a part of said premises and raised corn thereon which he sold at the vegetable market. After occupying said premises for a few years, defendant went to Kansas City and stayed there ten years. He afterwards returned, and about eighteen months before suit was brought moved on the premises in question. He erected a house thereon, or, as it is sometimes called by the witnesses, a shack, where the evidence discloses defendant was living at the time this suit was brought and at the time of the hearing. While plaintiff's lease covered the 2.46 acres in controversy, he never had farmed it, nor made any use of it. No one molested defendant while building said house or in his occupation of said premises until this suit was brought.

The LaValles, through whom plaintiff claims, have been in possession of said tract of land during all the time it was practical to have the possession of the same, being for more than sixty years prior to the bringing of this suit.

L. D. TURNER, JR. and TURNER & HOLDER, for appellant.

KEEFE & SULLIVAN, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1173*—*what questions reviewed in absence of proposition of law.* Where trial was had by the court

"See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

without a jury, and no propositions of law were submitted to be held or refused by the trial court on the hearing, and no question was raised on the pleadings, the only matters to be determined on appeal under the assignment of errors are whether the court erred in its rulings on the evidence and whether the finding of the court was against the manifest weight of the evidence.

2. FORCIBLE ENTRY AND DETAINER, § 73*—*when evidence as to survey of land is inadmissible*. Where, in an action of forcible entry and detainer between two tenants of different landlords, both claiming an interest in the land in dispute, the record showed that a witness was acting as the agent of one of said landlords and that any survey made by him of such land was at the instance of his principal without the presence of the other tenant or his landlord or notice to either, *held* that the court did not err in refusing to allow said witness to testify with reference to any such survey, especially as the witness was allowed to testify that he caused the tract occupied by his landlord's tenant, which in-cluded as a part of the same the premises in controversy, to be fenced and as agent had rented said tract to such tenant.

3. FORCIBLE ENTRY AND DETAINER, § 67*—*what is only issue in action of*. In an action of forcible entry and detainer, the pos-session or the right of possession of the premises is the only matter in controversy, and the evidence should be confined to this issue.

4. FORCIBLE ENTRY AND DETAINER, § 73*—*when tax receipts are inadmissible in evidence*. In an action of forcible entry and de-tainer heard by the court without a jury, the court did not err in refusing to consider certain tax receipts offered in evidence by one of the parties tending to show payment by him of taxes on the premises in controversy during certain years preceding the bringing of the suit, as such evidence was not material.

5. TRIAL, § 77*—*when evidence offered in rebuttal may be re-fused*. Material evidence offered in rebuttal may properly be re-fused, as such evidence should be offered in chief.

6. FORCIBLE ENTRY AND DETAINER, § 84*—*when evidence insuffi-cient to show forcible entry or wrongful detention*. Evidence *held* to show that no forcible entry by defendant on the premises in controversy was shown and that he did not wrongfully detain same after obtaining peaceable possession thereof.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.