tate husband that said funds should be held jointly, with the right of survivorship, it would still, under the provisions of the Statute of 1821, be held in common and the right of survivorship would not obtain.

For the error in dismissing the petition and in not directing appellee to charge herself as administratrix of her husband's estate with one-half of the proceeds of the two certificates of deposit, as well as the note, said cause is reversed and remanded with directions to the trial court to enter an order directing said administratrix to charge herself as administratrix with one-half the proceeds of said certificates.

*Reversed and remanded with directions.*

---

**H. T. Miller and Homer Miller, Appellees, v. George W. Mayberry et al., Appellants.**

**(Not to be reported in full.)**

Appeal from the Circuit Court of Wayne county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916.

### Statement of the Case.

Action in assumpsit by H. T. Miller and Homer Miller, plaintiffs, against George W. Mayberry, J. B. Mayberry and J. K. Wright, defendants, to recover for the alleged breach of a contract for the exchange of certain real property, and personal property for real property. From a judgment for $1,700 against them, defendants appeal.

CREIGHTON & THOMAS and WILLIAM T. BONHAM, for appellants.

BOGGS, BOGGS & HEIDINGER, for appellees.

MR. JUSTICE BOGGS delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1173*—*what questions determined in absence of submission of propositions of law.* Where no proposition of law was submitted to the court trying a case without a jury, the only questions to be determined on assignment of errors are whether the court erred in its rulings on admission and refusal of evidence and whether the competent evidence in the record sustains the findings and judgment.

2. APPEAL AND ERROR, § 1301*—*when presumed court considered only competent evidence.* On trial by the court without a jury, it is presumed the court only considered the competent evidence, and if such evidence sustains the court's finding and judgment, it is sufficient notwithstanding the court received incompetent evidence.

3. EXCHANGE OF PROPERTY, § 10*—*when contract is not abrogated by subsequent contract of plaintiff with third person.* Where plaintiff and defendant entered into a contract for exchange of lands which was fully executed by plaintiff but defendant failed to furnish an abstract showing his title to be good, as required by the contract, and plaintiff thereafter entered into a second contract with a third party for an exchange of the same lands he was to receive from defendant, which contained a like provision that plaintiff should furnish an abstract showing the title to said lands to be good, *held*, in an action on the first contract, on trial by the court without a jury, that the court properly found the second contract did not abrogate the first contract, and defendant was not relieved from his obligation under the first contract to furnish an abstract showing good title merely by reason of the second contract.

4. APPEAL AND ERROR, § 1414*—*when findings of trial court on conflicting evidence not disturbed.* All the Appellate Court is required to determine on a contested question of evidence upon trial by the court without a jury is whether the findings of the court were against the manifest weight of the evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.