## Central Funding Company, Appellant, v. A. K. Gibson, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Effingham county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917.

### Statement of the Case.

Action by the Central Funding Company, plaintiff, against A. K. Gibson, defendant, to recover on a contract for the payment by defendant of the total sum of $75, in monthly instalments of $5, for certain instruction in law to be given by plaintiff and the American Extension University. From a judgment for defendant for $5 on a claim of set-off, plaintiff appeals.

WALTER E. RINEHART, for appellant.

PARKER & RICKELMAN, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1173*—*what question reviewed where no propositions of law were presented or objections to evidence made.* Where no propositions of law were presented by either party and no objections were made to evidence offered by either party, *held* that the only question for review would be whether the finding and judgment were against the manifest weight of the evidence.

2. CONTRACTS, § 374*—*when plaintiff must prove ability and readiness to perform contract for instruction of student.* Where plaintiff entered into a certain contract to furnish defendant certain instruction in law in consideration of a certain total pay-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Cheatham v. East St. Louis Ry. Co., 206 Ill. App. 237.

ment to be made by defendant in monthly instalments, and defendant refused, after making the first payment, to receive the first instalment of such instruction, *held* that plaintiff could not recover in an action for the full amount of such consideration without proving its ability and readiness to perform the contract on its part.

3. CONTRACTS, § 267*—*what are remedies of party upon receipt, before performance, of notice of intention not to perform.* Where one party to a contract gives notice before the time of performance arrives that he does not intend to perform, the other party may treat such notice as a breach and bring his action, or may decline to accept such notice as a breach and insist that the contract shall remain in force up to the time fixed for its final performance, holding the party refusing to perform responsible for the consequence of such refusal.