### Victor B. Bione, Appellee, v. E. C. Bell, Appellant.

1. APPEAL AND ERROR—*review in absence of propositions of law.* When no propositions of law are submitted to the court trying a case without a jury, the only questions to be determined on assignment of errors are whether the court erred in its rulings on admission or refusal of evidence, and whether the competent evidence in the record sustains the findings and judgment.

2. APPEAL AND ERROR—*review where facts stipulated.* When there is a stipulation of facts in a case tried by the court without a jury, there can be no question of the court's ruling on evidence, and the only question for the Appellate Court is whether the facts stipulated sustain the judgment of the trial court.

3. SALES—*what constitutes sufficient compliance with Bulk Sales Law.* Where appellee purchased a café business, including a player piano, which had been purchased by a former proprietor on the instalment plan with a chattel mortgage securing the deferred payments, and did all that was required of him to comply with the Bulk Sales Law [Callaghan's 1916 Stat. ¶ 10021(1) *et seq.*] by taking from his vendor a written statement under oath containing what purported to be a full, accurate and complete list of creditors, and nothing appears to indicate that he knew of the omission of the account of the seller of the piano and there is not a suggestion that he acted in bad faith, the court properly held, on trial of an attachment upon the piano, that the piano was the property of appellee.

Appeal from the Circuit Court of Franklin county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the March term, 1920. Affirmed. Opinion filed October 28, 1920.

J. A. LOGAN, for appellant.

W. P. SEEBER, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is an appeal from a case tried in the circuit court of Franklin county on appeal from a justice of the peace, involving the rights of property. A jury was waived in the circuit court, and the case submitted to the court upon a written stipulation of the facts. From this stipulation it appears that one Silvio Pucci was the owner and operator of the New Savoy Hotel and Café in Christopher, Illinois, and that in 1918 he purchased of one Charles Racti an electric violin player piano, upon the instalment plan, and executed a chattel mortgage thereon securing the deferred payments. After making several payments on the player piano, Pucci sold an interest in the business to R. Zanotti and Joe Ruffatto, and sometime afterwards this new partnership sold their business and equipment to the appellee. Before completing the purchase, appellee required of the vendors and was furnished an affidavit showing a list of the creditors of the firm with their addresses and the amounts owing to each as required by the Bulk Sales Law. Certain payments had been made on the player piano by the firm after its organization, but at the time of the sale to appellee there were still some payments to be made. The seller of the player piano was not named in the affidavit as a creditor of the firm, and, so far as the stipulation shows, appellee did not know that the player piano had not been entirely paid for. Further payments on the piano not being made, suit was brought by the seller thereof before a justice of the peace against Pucci, and a writ of attachment levied upon the player piano by a constable, E. C. Bell, the appellant herein.

Appellee, Victor B. Bione, gave notice to the constable that he claimed the player piano in question

and, on a trial of the rights of property before a
justice of the peace, judgment was entered in favor
of appellant, and an appeal was taken to the cir-
cuit court. The only evidence introduced in the circuit
court was the stipulation of facts as above briefly
stated. That court held that the player piano was
the property of appellee and so entered judgment.
This appeal was perfected to reverse that judgment.
There were no pleadings in the case, and no proposi-
tions of law were submitted to the court to be passed
upon.

Where no propositions of law are submitted to the
court trying a case without a jury, the only questions
to be determined on assignment of errors are whether
the court erred in its rulings on admission or refusal
of evidence, and whether the competent evidence in
the record sustains the findings and judgment. (*Bisen-
con v. Walters*, 203 Ill. App. 28; *Miller v. Mayberry*,
203 Ill. App. 58.) Since in this case there was a stip-
ulation of the facts, there can be no question of the
court's rulings on the evidence, so that the only ques-
tion remaining for this court is whether the facts as
stipulated sustain the judgment of the trial court.
It appears beyond all question from this stipulation
that appellee did all that was required of him to
comply with the Bulk Sales Law, and nothing appears
to indicate that he knew of the omission of the ac-
count of the seller of the player piano. The Bulk
Sales Law in force July 1, 1913 [Callaghan's 1916
Stat. ¶ 10021(1) *et seq.*], provides that such sale
shall be fraudulent and void as against the creditors
of the vendor unless the vendee shall in good faith,
at least 5 days before the consummation of the sale,
demand and receive from the vendor a written
statement under oath containing a full, accurate and
complete list of the creditors, giving their addresses
and the amount owing to each, and unless the vendee
shall at least 5 days before taking possession of the

goods and chattels send a notice in writing to each of the creditors named in such statement of his proposed purchase of the same. Appellee did all he was required to do by this law and there is not even a suggestion that he acted in bad faith. We are of the opinion that this was sufficient to fully protect appellee and that the facts as stipulated in this case sustained the judgment of the trial court.

The judgment will be affirmed.

*Affirmed.*