H. F. Saltsman for use of R. W. Gough, Defendant in Error, v. Springfield Life Insurance Company, Plaintiff in Error.

Gen. No. 7,995.

Opinion filed June 29, 1929. Rehearing denied October 16, 1929.

H. E. FULLENWIDER and ORMAN RIDGELY, for plaintiff in error.

HORACE H. BAKER and KENNEDY & KENNEDY, for defendant in error; THOMAS KENNEDY, of counsel.

MR. JUSTICE JETT delivered the opinion of the court.

This is a garnishment proceeding in which H. F. Saltsman, for the use of R. W. Gough, defendant in error, attempts to reach the proceeds of a $2,000 benefit certificate, issued on the life of Anna C. Saltsman in favor of H. F. Saltsman, by the Court of Honor, a fraternal benefit association.

On November 11, 1902, the Court of Honor, a fraternal benefit association, issued its benefit certificate to Anna C. Saltsman, in which H. F. Saltsman was named as beneficiary. On September 27, 1924, the Springfield Life Insurance Company, plaintiff in error, a mutual legal, reserve life insurance company, with the approval of the department of trade and commerce, entered into a contract with the said Court of Honor, in which the Springfield Life Insurance Company agreed to reinsure the members holding certificates in said Court of Honor and to said certificate was attached a rider evidencing said reinsurance, which said rider among other things provides that plaintiff in error "hereby assumes all liability which may have accrued or which shall hereafter accrue under the certificate above designated, while in force, in accordance with the terms of said certificate, and the provisions of the constitution and laws of the Court of Honor Life Association governing the same as in force at the time said re-insurance contract became effective."

The facts were stipulated, and among other things disclosed that the assured died on April 1, 1927, and was, at the time, in good standing.

Plaintiff in error, said garnishee, answered that it had $2,000 in its possession belonging to H. F. Saltsman, against whom R. W. Gough had obtained a judgment for $868.70. Said garnishee, in its answer, pleaded that by reason of the laws of the State of Illinois, the proceeds of a fraternal benefit certificate were exempt from attachment, garnishment or other process and that said court was without jurisdiction to enter a

final judgment against said Springfield Life Insurance Company, plaintiff in error, as such garnishee. A jury was waived and a trial had by the court without the intervention of a jury, and on a hearing thereof the court entered judgment against said garnishee. To reverse said judgment this writ of error is prosecuted.

It is insisted by the defendant in error that the court cannot consider the errors assigned herein for the reason that the bill of exceptions does not show that it contained all of the evidence. The stipulation of facts, to which reference was made, contained the following statement: "It is further stipulated and agreed by and between the parties that trial by jury is waived, and that this cause may be tried by the court without a jury, upon the above stipulation of facts." The stipulation referred to certain documentary evidence which accompanied the same and was made a part thereof. The court, in its order, says that "having considered said stipulation and said exhibits, and being advised in the premises, orders and adjudges that the conditional judgment heretofore entered herein against the defendant garnishee, be made final."

We are of the opinion that the contention that the court cannot consider the errors assigned herein is not well taken, as the record shows the evidence which the court considered on said hearing.

It is next urged by the defendant in error that the plaintiff in error is not in a position to question the finding and judgment of the trial court, and relies on the rule announced in *Madison & Kedzie State Bank v. Garfield Park Storage Co.*, 324 Ill. 222.

It appears that the holding in that case was based upon a record which had gone up from the Appellate Court. In common-law cases the Supreme Court does not pass upon questions of fact, except to determine whether or not on a motion to direct a verdict, as a matter of law, the evidence was sufficient to require the submission of the case to a jury. On an appeal or writ

of error, however, to the Appellate Court, that rule does not obtain. *Babbitt v. Grand Trunk Western Ry. Co.*, 285 Ill. 267–270; *Pittsburgh, C., C. & St. L. Ry. Co. v. Chicago City Ry. Co.*, 300 Ill. 162.

In the latter case the court at page 163 said: "The Appellate Court entered an order affirming the judgment of the trial court, declining to review that judgment on its merits on the ground that no propositions of law had been submitted to the trial court by either side. It bases its conclusion on the reasoning of this court in *Babbitt v. Grand Trunk Western Railway Co.*, 285 Ill. 267, where it was said (p. 270): 'Where there is no controversy as to the facts and the only question is what judgment shall be entered on the facts in the record, such question is one of law and may be raised and preserved for review here in one of three ways: by demurrer to the evidence, by propositions to be held as law, or by a motion to find for the party.' . . .

"It is to be noted, however, that all the cases cited by appellee are either appeals from or writs of error to the Appellate Courts. In cases that come to this court through the Appellate Courts the judgments of the Appellate Courts are, under the statute, final and conclusive as to all matters of facts in controversy; and where the trial is upon the issues of fact, then, unless the record shows that some question of law is raised by exceptions, by instructions, by propositions submitted to the court, or otherwise, it is manifest there is no question involved which this court is permitted to review."

In *Bione v. Bell*, 221 Ill. App. 434, the court at page 436 said: "Where no propositions of law are submitted to the court trying a case without a jury, the only questions to be determined on assignment of errors are whether the court erred in its rulings on admission or refusal of evidence, and whether the competent evidence in the record sustains the findings and judgment." To the same effect is *Bisencon v. Walters,*

203 Ill. App. 28, and *Miller v. Mayberry,* 203 Ill. App. 58.

Since, in the instant case, there was a stipulation of facts, there can be no question of the court's ruling on the evidence, so that the only question remaining for this court to determine is whether or not the facts, as stipulated, sustain the judgment of the trial court?

The rule announced in *Bione v. Bell, supra,* finds support in *Schiowitz v. Sleph,* 194 Ill. App. 579; *Central Funding Co. v. Gibson,* 206 Ill. App. 236; *Smith v. American Corset Co.,* 187 Ill. App. 1.

On the facts as stipulated, we are of the opinion that the undertaking by plaintiff in error to reinsure the holders of certificates in the Court of Honor did not have the effect of changing the character of the insurance, nor the terms of the contract as evidenced by the certificate.

Paragraph 504, chapter 73, Cahill's Revised Statutes, which has to do with fraternal societies, reads as follows: "The money or other benefit, charity, relief or aid to be paid, provided or rendered by any society authorized to do business under this Act, shall not be liable to attachment by trustee, garnishee or other process, and shall not be seized, taken, appropriated or applied by any legal or equitable process, or by operation of law, to pay any debt or liability of a certificate holder or of any beneficiary named in a certificate, or of any person who may have any right thereunder."

By reason of the facts as shown by the stipulation, the court should have held the fund involved exempt, and should not have entered final judgment against plaintiff in error as garnishee. We conclude, therefore, that the order and judgment of the circuit court of Woodford county should be reversed, which is accordingly done.

*Reversed.*