Allen W. McConnell, Appellee, v. Brace-Beluche & Company, Defendant. Peacock Cleaners and Dyers, Ltd., Garnishee. S. F. Bowser & Company, Inc., Appellant.

Gen. No. 35,320.

Opinion filed December 28, 1931.

WILLIAM ROSENTHAL, for appellant; IRVING BREAK-STONE, of counsel.

SAMUEL J. NORDORF, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by intervening petitioner, in garnishment proceedings begun by attachment, from an order and judgment awarding the fund in controversy to plaintiff. The facts in the case are not disputed. One McConnell sued out a writ of attachment in the municipal court of Chicago against Brace-Beluche & Company of Buffalo, New York, claiming that an indebtedness was due to him in the sum of $798.38. Peacock Cleaners & Dyers, Ltd., a corporation, was summoned as garnishee and answered that at the time of

the service of the writ it was indebted to defendant debtor, Brace-Beluche & Company, in the sum of $909.26. The answer, however, disclosed that this fund was claimed by S. F. Bowser & Company of Fort Wayne, Indiana. Thereafter Bowser & Company filed an intervening petition claiming the fund by virtue of a bill of sale dated December 18, 1930, and the assignment to it on that date of all the accounts receivable of Brace-Beluche & Company. The petition prayed that the fund be declared the property of Bowser & Company. Plaintiff answered, alleging that the bill of sale of December 18, 1930, was made for the purpose of hindering, delaying and defrauding the creditors, and that Brace-Beluche & Company was at that time insolvent.

Interrogatories were filed, to which answers were demanded. The evidence was for the most part stipulated. The court found the issues in favor of plaintiff and against Brace-Beluche & Company, and it also found the issues against S. F. Bowser & Company, intervening petitioner, and that the fund in the hands of the garnishee belonged to plaintiff, and entered judgment on the findings. This appeal is prosecuted by S. F. Bowser & Company.

It is insisted by plaintiff (and the court rendered judgment in favor of plaintiff upon the theory) that the bill of sale made December 18, 1930, by Brace-Beluche & Company was fraudulent and void by reason of the provisions of section 44, chapter 42 of the Personal Property Law of the State of New York, Cahill's N. Y. Consolidated Laws, as amended by the laws of 1914, chapter 507. That section, which it is conceded is in substance the same as the Bulk Sales Law of Illinois, Cahill's St. ch. 121a, ¶¶ 1, 2 (Smith-Hurd's Ill. Rev. Stats. 1931, chap. 121½, secs. 78 and 79), in substance provides that the sale, transfer or assignment in bulk of any part or the whole of a stock

of merchandise, or merchandise and fixtures pertaining to the conducting of the business of the seller, transferer or assignor, otherwise than in the ordinary course of trade, and in the regular prosecution of the business, shall be void as against the creditors of the seller, transferer or assignor "unless the seller, transferer or assignor and the purchaser, transferee or assignee shall at least five days before the sale make a full and detailed inventory, showing the quantity and, so far as possible with the exercise of reasonable diligence, the cost price to the seller, transferer or assignor of each article to be included in the sale; and unless the purchaser, transferee or assignee demand and receive from the seller, transferer or assignor a written list of names and addresses of the creditors of the seller, transferer or assignor with the amount of the indebtedness due or owing to each and certified by the seller, transferer or assignor under oath to be a full, accurate and complete list of his creditors and of his indebtedness; and unless the purchaser, transferee or assignee shall at least five days before taking possession of such merchandise, or merchandise and fixtures, or paying therefor, notify personally or by registered mail every creditor whose name and address are stated in said list, or of which he has knowledge, of the proposed sale and of the price, terms and conditions thereof."

The record discloses that S. F. Bowser & Company at the time of the purchase in bulk of the business of Brace-Beluche & Company demanded and received from the vendor a written statement purporting to give a list of the names and addresses of the creditors; that such list was duly certified under oath to be full, accurate and complete; that the vendor and vendee made an inventory and that five days before taking possession of the merchandise or paying for the same, Bowser & Company sent a notice to each and every

creditor whose name and address were given in the list so furnished it, and that thereafter in good faith Bowser & Company paid over to the vendor the purchase price agreed on without notice or reason to suspect that the vendor had omitted from the sworn list any names of its creditors. It does appear, however, that such list did not contain the name of plaintiff in this case and that he therefore did not receive notice that the sale was about to be consummated.

The question, therefore, for decision is whether under the New York Bulk Sales Law, properly construed, a sale is made void or voidable either in whole or in part by reason of the fact that the seller omitted the name of one of the creditors, when the purchaser acting in good faith demands a list of creditors properly verified and sends notice to each creditor whose name appears upon such list.

The intervening petitioner contends that it is not void either in whole or in part. A decision of the case requires a construction of the New York statute, which, as we have already stated, is conceded to be similar to the statute of Illinois.

The highest courts of both New York and Illinois were at first reluctant to concede that legislation of this kind was constitutional. *Wright v. Hart,* 182 N. Y. 330; *Off & Co. v. Morehead,* 235 Ill. 40. The courts of both States, however, have since acceded to the overwhelming weight of judicial authority to the effect that such legislation is constitutional. *Klein v. Maravelas,* 219 N. Y. 383; *Kidd, Dater, & Price Co. v. Musselman Grocer Co.,* 217 U. S. 461; *Johnson Co. v. Beloosky,* 263 Ill. 363. That such statutes, however, are derogatory to the common law and penal in their nature and therefore must be strictly construed, is, we think, established by the weight of authority (*Mott v. Reeves,* 125 Misc. 511, affirmed in 217 App. Div. 718, 246 N. Y. 567; 27 Corp. Juris, sec. 883, p. 875), although of course the

statute should if possible be construed in such a way as to advance the remedy which it was designed to give. (*Talty v. Schoenholz*, 323 Ill. 232; *Cardiff Gypsum Plaster Co. v. Hales Coal & Material Co.*, 239 Ill. App. 16, and see the dissenting opinion in *Wright v. Hart*, 182 N. Y. 330, approved by the Supreme Court in *Lemieux v. Young*, 211 U. S. 489.)

The primary purpose of the judicial construction of statutes is to ascertain the intention of the legislature, and this intention must, of course, be determined by the language used in the statute. Section 44 of chapter 42 of the Personal Property Law of New York, it will be noticed, does not make a sale in bulk entirely void but only voidable as against the creditors of the seller in case certain conditions prescribed by the act are not performed. The act prescribed certain things which must be done by both the seller and the purchaser. They must at least five days before the sale make an inventory showing the quantity and (the statute adds) ''so far as possible with the exercise of reasonable diligence, the cost price to the seller, transferer or assignor of each article included in the sale.'' These duties seem to be put upon the vendor and the vendee jointly. The act next prescribes the conditions to be performed by the purchaser. He must demand from the seller a written list of the names and addresses of the creditors with the amount of indebtedness due or owing to each, and the act makes it his duty to see that this written list is certified by the seller under oath to be full, accurate and complete. Next, the purchaser shall, the statute says, at least five days before taking possession or paying for the goods, notify personally or by registered mail every creditor whose name and address are stated in the list, ''or of which he has knowledge,'' of the proposed sale, price, terms and conditions. It will be noticed that the duty of making up a written list of the names and addresses of the

creditors is placed upon the seller and, unlike the duty of preparing the inventory, is not made the joint duty of the seller and the purchaser. It is again significant that the statute does not state that it is the duty of the purchaser to notify all the creditors, but he is specifically required to notify two classes of creditors—first, those who are upon the list he receives from the seller, and, second, those of which he has knowledge. In other words, the statute apparently requires the utmost good faith, but the language used is entirely inconsistent with the idea that it was the intention of the legislature to hold the purchaser responsible for the failure of the seller to include, either by design or otherwise, all the creditors in the list he gives to the purchaser. The construction for which plaintiff contends it is apparent would render extremely precarious the purchase of merchandise in bulk, and it seems that if the legislature had intended to bring about that result it would have said so. It did not do this, but on the contrary used language which when carefully analyzed shows, we think, a contrary intention.

Such seems to have been the construction put upon this act by the courts of New York, as appears from the opinion of the Supreme Court of that State in *Rugen v. Mulvihill,* 147 N. Y. S. 404. In that case the vendor was indebted to a creditor and the creditor recovered a judgment against him the day before he made the sale to plaintiff. The vendor did not mention this debt to plaintiff. Three days after the sale an execution issued on the judgment, and was levied upon the stock and fixtures sold. Under duress of this execution the plaintiff paid the judgment under protest and sued to recover the money thus paid. Upon the trial the judge excluded all evidence as to the value of the goods sold and as to the portion of the consideration that was paid for the stock. The Supreme Court held that this was error because the adequacy of the

price paid was an essential element in determining whether the sale was bona fide and because such evidence would have overcome the presumption against the sale being bona fide by reason of the provisions of section 44 of the Personal Property Law. The court said that the vendee, plaintiff, made inquiry in good faith as to the names of the creditors, was given a list and advanced the money to pay them, and that all the creditors whose names were on the list had been paid; that it was necessary to establish an intent to defraud on the part of both the vendor and the vendee; that the sale of goods in bulk without complying with the terms of the statute raised a presumption of fraudulent intent on the part of the vendee, which, if not overcome by proof became conclusive; that the vendee did show his good faith in the transaction, and that he had no intent to defraud the creditors, but on the contrary provided for the payment of their debts. The opinion points out that if the vendor made a false statement, penalty therefor was provided by the act. The judgment was reversed and a new trial granted.

It would seem, therefore, that the construction put upon this act by the municipal court of Chicago was contrary to the construction put thereon by the courts of New York, by whose decisions we are bound. The conclusions of the courts of this State in construing our own similar act seem to be in harmony with those of the courts of New York, as would appear from an examination of the case of *Bione v. Bell*, 221 Ill. App. 434. In that case it appeared that the purchaser, as here, demanded a list of the creditors and that the vendor omitted from the list a creditor to whom he was indebted for the purchase price of a player piano. After the sale was completed the creditor replevied the piano, and upon trial the court held that the piano was the property of the vendee and entered judgment accordingly. The opinion of the court states that a

stipulation entered into by the parties showed that the vendee did all that was required of him to comply with the Bulk Sales Law and that nothing appeared to indicate that he knew of the omission of the account of the seller of the player piano; that the vendee "did all he was required to do by this law and there is not even a suggestion that he acted in bad faith." The judgment of the trial court was affirmed.

These two decisions—one by the Supreme Court of New York where the transaction here in question took place, the other by the Appellate Court of our own State—would seem to compel a construction of this statute contrary to that given it by the trial court; but we think it may well be added that such is the construction given to similar acts by the weight of authority in this country. *Coach v. Gage*, 70 Ore. 182, 138 Pac. 847; *Glantz v. Gardiner*, 40 R. I. 297, L. R. A. 1917 F 226; *International Silver Co. v. Hull & Co.*, 140 Ga. 10, 78 S. E. 609, 45 L. R. A. (N. S.) 492; *McKelvey v. Schapp & Sons Drug Co.*, 143 Ark. 477, 220 S. W. 827. We are aware that there are decisions to the contrary, such as *Walton v. Walter Fisher Co.*, 146 Miss. 291; *Kline v. Sims*, 149 Miss. 154; *Rabalsky v. Levenson*, 221 Mass. 289; and *Williams v. Crowdus Drug Co.* (Tex. Civ. App.), 167 S. W. 187. However, it would not be difficult to distinguish these cases from this one upon the facts. Thus, in *Rabalsky v. Levenson*, it appeared that both the vendor and the vendee under the advice of counsel understood the law of Massachusetts to require notice to "merchandising creditors" alone, and the principal question decided in that case was that the law was not limited to such creditors. In *Williams v. Crowdus Drug Co.*, the vendee failed to require the verification of the list furnished by the vendor. The other cases are also distinguishable upon quite similar grounds, although the language of these opinions commits the courts of those

States to a construction which we must decline to follow.

In Williston on Sales, 2nd ed., sec. 643, p. 1616, that distinguished author says:

"The effect of a failure to comply with the statutory requirements varies in different jurisdictions. In some, as in Connecticut, Indiana, Maine, Montana, Texas, Michigan, Tennessee, West Virginia, the transaction is made wholly void against creditors without regard to actual fraud. In other states, as Idaho, Oklahoma, Oregon, the transaction is only presumptively fraudulent, and good faith may be shown. But even under the most rigid statutes, it is probable that an innocent purchaser for value from a buyer who has failed to comply with the bulk sales law, would be protected." The author cites a large number of authorities from different states.

We hold, therefore, that the intervening petitioner, S. F. Bowser & Company, Inc., is entitled to the fund disclosed by the answer of the garnishee, and the judgment is therefore reversed and the cause remanded with directions to the trial court to award the said fund to S. F. Bowser & Company, Inc.

*Reversed and remanded with directions.*

O'CONNOR, P. J., and McSURELY, J., concur.